# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN REGENYE,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 09-3539 |
| **HARDWARE RESOURCES, INC.,** | : | |
| Defendant. | : | |

**DuBOIS, J.**  July 30, 2010

**M E M O R A N D U M**

## I. INTRODUCTION

This is a diversity action in which plaintiff, Brian Regenye, asserts in his Amended Complaint that defendant, Hardware Resources, Inc., is liable for terminating his employment under theories of promissory estoppel and wrongful termination.

Presently before the Court is Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. The parties have engaged in discovery and submitted their respective statements of material undisputed facts. Thus, the case is ripe for disposition by motion for summary judgment. For the reasons set forth below, Defendant's Motion for Summary Judgment is granted; Defendant's Alternative Motion to Dismiss is denied as moot.

## II. BACKGROUND

The following facts are undisputed unless otherwise noted and are presented in the light most favorable Regenye.

### A. Regenye's Hiring by Hardware Resources

Plaintiff, Brian Regenye, lives with his family in West Chester, Pennsylvania (Deposition of Brian Regenye 8 (hereinafter "Regenye Dep."). In early 2008, he worked as a salesman for All-State Legal. (Regenye Dep. 22.) In the summer of 2008, Regenye decided that it was time for something new. (Regenye Dep. 22.) He began searching the internet for information about job openings and soon found a job posting by defendant, Hardware Resources, on the website CareerBuilder.com. (Def.'s Statement of Material Undisputed Facts ¶ 2; Pl.'s Answer to Defendant's Statement of Material Undisputed Facts ¶ 2.) (hereinafter, "Def.'s Stmt." and "Pl.'s Stmt."). Hardware Resources is a Louisiana-based company that designs, manufactures and sells cabinet and furniture hardware. (Def.'s Stmt. ¶ 1; Pl.'s Stmt. ¶ 1.)

The job posting advertised an opportunity at Hardware Resources as a sales representative in the "Eastern Pennsylvania and Northern New Jersey" region. (Def.'s Stmt. ¶ 2; Pl.'s Stmt. ¶ 2.) The posting explained that applicants "must be willing and have the ability to travel as needed to accomplish your mission . . . [o]ne to two nights per week is average for most of our team." (Def.'s Stmt. ¶ 3; Pl.'s Stmt. ¶ 3.)

Regenye e-mailed Hardware Resources about the position as a sales representative on June 2, 2008, and received a response from Paul Haberstock, Hardware Resources Sales Administrative Manager – East, on June 19, 2008. (Def.'s Stmt. ¶ 4; Pl.'s Stmt. ¶ 4.) The two met for an interview on June 20, 2008. (Def.'s Stmt. ¶ 5; Pl.'s Stmt. ¶ 5.) Over the course of the following week, Regenye and Haberstock discussed the position in greater detail. (Def.'s Stmt. ¶ 6; Pl.'s Stmt. ¶ 6.) Regenye made it clear that he was not interested in the position if he would have to travel overnight more than one or two times per month. (Pl.'s Stmt. ¶ 6.) He also told Habersock that he would only

take the position if the sales area did not extend more than two and a half hours from his home. (Pl.'s Stmt. ¶ 6.)

On June 27, 2008, Regenye interviewed with Jeffrey Lowe, the President of Hardware Resources, and Charles Hiers, Hardware Resources's Vice President of Sales, via videoconference. (Def.' Stmt. ¶ 7; Pl.'s Stmt. ¶ 7.) The next day, Regenye received an e-mail from Ann Johnson, Human Resources Director for Hardware Resources, offering him the job. The offer letter stated that Regenye would receive a salary of $55,000 plus a monthly sales commission and a monthly car allowance. (Def.'s Ex. A.) It also explained that "[n]othing in this letter will be construed as a guarantee of continuing employment for any specified period. The employment is at will and will be terminable by you or the Company at any time." (Def.'s Ex. A.) Regenye reviewed the letter and objected only to the $55,000 base salary: he had been told by Haberstock that the salary would be $65,000. When informed of the error, Haberstock told Regenye to write in the sum of $65,000 on the letter, which Regenye did. (Def.'s Stmt. ¶¶ 10, 11; Pl.'s Stmt. ¶¶ 10,11; Def.'s Ex. A.) The parties agree that Regenye never objected to the at-will nature of the employment offer. (Def.' Stmt. ¶ 8; Pl.'s Stmt. ¶ 8.)

Regenye accepted the job at Hardware Resources on June 30, 2008 by signing the offer letter. (Def.'s Stmt. ¶ 13; Pl.'s Stmt. ¶13.) He then voluntarily resigned his position with All-State Legal. (Def.'s Stmt. ¶ 14; Pl.'s Stmt. ¶ 14.) Regenye was not required to relocate along with his family in order to take the position. (Def.' Stmt. ¶ 15; Pl.'s Stmt. ¶ 15.)

**B. Regenye's Employment at Hardware Resources and his Termination**

Upon being hired, Regenye was given a copy of Hardware Resources's employee handbook. (Def.'s Stmt. ¶ 16; Pl.'s Stmt. ¶ 16.) The handbook explained Hardware Resources's at-will

employment policy in greater detail:

> The "Employment-At-Will" philosophy is applied to all employees of the Company. Both employee and employer have the right to end the employment relationship at any time with or without cause or advance notice. Advance notice and other forms of communication are encouraged, but understood to be impractical in some circumstances and are not absolutely required. It is understood that the employment is for no definite period of time, and there are no contractual obligations between the employee and the Company. No Company representative has the authority to make any statement or agreement contrary to this policy.

(Def.'s Stmt. ¶ 17; Pl.'s Stmt. ¶ 17.) Regenye reviewed the handbook and then signed the acknowledgment form, which stated:

> I have entered into my employment relationship with Hardware Resources voluntarily and acknowledge that there is no specified length of employment. Accordingly, Hardware Resources or I can terminate the relationship at will, with or without cause, at any time.

(Def.'s Stmt. ¶ 19; Pl.'s Stmt. ¶ 19.)

Regenye traveled to Hardware Resources's corporate headquarters in Bossier City, Louisiana on July 14, 2008, to begin his orientation. (Def.'s Stmt. ¶ 20; Pl.'s Stmt. ¶ 20.) Once there, he realized that there was a misunderstanding regarding the scope of his sales territory. The management of Hardware Resources believed that Regenye would cover Eastern Pennsylvania and all of New Jersey; Haberstock had assured Regenye that his territory would cover Eastern Pennsylvania and Southern New Jersey, an arrangement that would limit Regenye's overnight travel obligations to one or two nights per month. (Pl.'s Ex. 22). Regenye spoke to Hiers and Rich Rensing, Sales Administrative Manager at Hardware Resources, about the problem, describing Haberstock's promises. (Def.'s Stmt. ¶¶ 22, 23; Pl.'s Stmt. ¶¶ 22, 23.) Hardware Resources agreed to honor Haberstock's promise and assigned him the smaller sales territory. (Def.'s Stmt. ¶¶ 24, 25; Pl.'s Stmt. ¶¶ 24, 25.)

Regenye finished his orientation on July 19, 2008, and then took a brief vacation with his family before starting his job. (Def.'s Stmt. ¶ 26; Pl.'s Stmt. ¶ 26.) After working for eleven weeks in the agreed-upon sales area, Hardware Resources terminated Regenye's employment on September 29, 2008. (Def.'s Stmt. ¶ 27; Pl.'s Stmt. ¶ 27.) The company explained that the circumscribed sales territory Regenye had asked for did not support a full-time sales representative and that Regenye was not meeting their sales targets. (Def.'s Stmt. ¶ 27; Pl.'s Stmt. ¶ 27; Regenye Dep. 278-79.)

**C. Regenye's Suit Against Hardware Resources**

Regenye filed suit against Hardware Resources in the Court of Common Pleas of Chester County on July 2, 2009. Hardware Resources filed a Notice of Removal in this Court on July 31, 2009, and, on May 14, 2010, filed an Amended Complaint. Regenye is a citizen of Pennsylvania and Hardware Resources is a citizen of Louisiana. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Regenye's Amended Complaint contains two counts: Count One alleges a claim of promissory estoppel, Count Two a claim of Wrongful Termination.

**III. LEGAL STANDARD**

In considering a motion for summary judgment, "the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." Wishkin v. Potter, 476 F.3d 180, 184 (3d Cir. 2007). The party opposing the motion, however, cannot "rely merely upon bare assertions, conclusory allegations or suspicions" to support its claim. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). After examining the evidence of record, a court should grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is

no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A factual dispute is material when it "might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).

**IV. DISCUSSION**

The parties dispute whether the facts of this case entitle plaintiff to relief based on an exception to Pennsylvania's at-will employment rule. They do not dispute the following genuine material facts: (1) the letter offering Regenye employment stated that the position was at-will, (2) the employee handbook Regenye acknowledged reading further explained that the position was at will, and (3) Regenye was terminated on September 29, 2008, for failing to meet sales targets in a sales area he expressly bargained for and received. Because the parties do not dispute the facts, but only their legal significance, summary judgment is appropriate if the record, taken as a whole, "could not lead a reasonable trier of fact to find for the non-moving party." Matsushita, 475 U.S. at 587.

Under Pennsylvania law, all employment is presumed to be at-will. Paul v. Lankenau Hospital, 569 A.2d 346, 348 (Pa. 1990). This means that, "absent a statutory or contractual provision to the contrary, it is presumed that either party may end an employment relationship at any time, for any or no cause." Murray v. Commercial Union Ins. Co., 782 F.2d 432, 434 (3d Cir. 1986) (citing Geary v. U.S. Steel Corp., 319 A.2d 174, 176 (Pa. 1974)). Plaintiff asserts two possible

exceptions: promissory estoppel and "additional consideration" rebutting the presumption that the employment was at-will. The Court addresses each exception in turn and concludes as follows: (1) promissory estoppel is no longer an exception to the presumption of employment at-will under Pennsylvania law, and (2) under the undisputed facts, the additional consideration exception is inapplicable to this case.

**A. Count One of Regenye's Amended Complaint: Promissory Estoppel**

Regenye argues that he relied on Haberstock's promises regarding the size of his sales territory and the number of overnight travel days his job at Hardware Resources would require. Although these promises were honored, Regenye avers that his prospects for success at Hardware Resources were damaged from the beginning because he had to clear up the misunderstanding when he arrived at his orientation. He relies on the case of Travers v. Cameron County Sch. Dist., 544 A.2d 547 (Pa. Commw. Ct. 1988). In that case, plaintiff was offered a position as a physical education teacher by defendant school district and signed a two-year temporary employee contract to serve as an assistant football coach. Id. at 608. Plaintiff then moved from Ohio to Pennsylvania to begin the job, only to then be told that he lacked the appropriate teaching certification. Id. 608. The school district gave plaintiff a leave of absence to obtain the certification, telling him that failure to obtain it would result in his termination. Id. When plaintiff was unable to enroll in the necessary certification classes, he filed suit for improper termination under a theory of equitable estoppel. Id. at 609. The school district then filed a demurrer for failure to state a cause of action, which the trial court sustained. Id. at 610. The Commonwealth Court reversed. Id at 614. Relying on the Pennsylvania Superior Court's opinion in Paul v. Lankenau Hospital, 543 A.2d 1148 (Pa. Super. Ct. 1988), the court recognized promissory estoppel as an exception to Pennsylvania's at-will

employment rule and concluded that the plaintiff had stated such a claim.

Regenye argues that he is in a similar position to the plaintiff in Travers because he relied on Haberstock's promises regarding his sales territory and travel commitments. This argument suffers from two fatal flaws. First, Hardware Resources honored Haberstock's promise: Regenye received the sales territory he asked for. (Def.'s Stmt. ¶¶ 24, 25; Pl.'s Stmt. ¶¶ 24, 25.) Second, and more important, the holding in Travers recognizing promissory estoppel as an exception to the at-will employment rule has been abrogated by a subsequent decision of the Pennsylvania Supreme Court. The Superior Court decision in Paul v. Lankenau Hospital, on which Travers relied, was reversed by the Pennsylvania Supreme Court. In overruling the Superior Court, the Supreme Court in Paul stated that "[t]he doctrine of equitable estoppel is not an exception to the employment at-will doctrine. An employee may be discharged with our [*sic*] without cause, and our law does not prohibit firing an employee for relying on an employer's promise." 569 A.2d 346, 348 (Pa. 1990). See also Dyche v. Bonney, 277 F. App'x 244, 246 n.1 (3d cir. 2008) (rejecting plaintiff's reliance on Travers and stating, "under the Pennsylvania Supreme Court's decision in Paul, [plaintiff's] promissory estoppel theory is not a legally cognizable cause of action in Pennsylvania.")[1]

Hardware Resources honored its promise to Regenye and, even if had reneged on that promise, Regenye would have no legal entitlement to relief based on a theory of promissory estoppel. Because there are no genuine issues of material fact as to whether Regenye was an at-will employee

---

[1] In rejecting plaintiff's argument, the Dyche court refused to countenance any legally significant distinction between "equitable estoppel"—the doctrine described in Paul—and "promissory estoppel"—the doctrine referenced in Travers, in the context of possible exceptions to Pennsylvania's at-will employment rule. Dyche, F. App'x at 246 n.1. It thus matters not that plaintiff filed an Amended Complaint changing the label of Count One from "Equitable Estoppel" to "Promissory Estoppel."

in a state that does not recognize the promissory estoppel exception to the at-will employment rule, the Court grants Hardware Resources's Motion for Summary Judgment as it relates to Count One of the Amended Complaint.

**B. Count Two of Regenye's Amended Complaint: Wrongful Termination**

Regenye argues that the facts of this case allow him to overcome the presumption of at-will employment because they show that he "provided additional consideration to the employer and that termination of employment would result in great hardship or loss to the party known to both employer and employee when the contract was made." Bair v. Purcell, 500 F. Supp. 2d 468, 480 (M.D. Pa. 2007) (citing Darlington v. Gen. Elec., 504 A.2d 306, 314 (Pa. Super. Ct. 1986), *overruled on other grounds by* Clay v. Advanced Computer Applications, Inc., 559 A.2d 917 (1989)); See also Preobrazhenskaya v. Mercy Hall Infirmary, 71 F. App'x 936, 940 (3d Cir. 2003). Specifically, he points to the fact that he quit his job at All-State Legal—where he had a six-figure salary and fringe benefits—in order to work for Hardware Resources as an at-will employee during uncertain economic times. Regenye asserts that, although he did not have to purchase a new home, move along with his family, or make other significant life changes, the risk he took in quitting his job at All-State Legal in order to work at Hardware Resources provided the additional consideration necessary to rebut the presumption of at-will employment. Cf. Marsh v. Boyle, 530 A.2d 491, 493 (Pa. Super. Ct. 1987) (ruling that summary judgment was inappropriate where facts in record demonstrated that plaintiff quit his previous job, moved to a different city, and placed his house on the market).

Regenye's argument that quitting his old job to take a position at Hardware Resources constitutes the additional consideration necessary to rebut the presumption that his employment was

at-will has been consistently rejected. See Preobrazhenskaya, 71 F. App'x at 936; Marshall v. Dunwoody Village, 782 F. Supp. 1034, 1041 n.9 (E.D. Pa. 1992) (collecting cases). In Preobrazhenskaya, plaintiff asserted that she provided sufficient additional consideration to overcome the presumption of at-will employment in the form of her decision to leave her previous employment. The Third Circuit disagreed, noting that "leaving one job to take another has been held to be 'simply a reasoned choice of a new career goal' rather than additional consideration implying an employment contract." Id. at 940 (quoting Darlington, 504 A.2d at 315). See also Marshall, 782 F. Supp. at 1042 (concluding that plaintiff's decision to leave his personal real estate career did not equate to conferring a substantial benefit on defendant or to his having sustained a substantial detriment and was, rather, "a freely made career choice").

No reasonable finder of fact could find for Regenye on Count Two because quitting one job to take another job, standing alone, cannot constitute the additional consideration necessary to rebut the presumption of at-will employment, and there is no other evidence on that issue. For example, there is no evidence that Regenye was required to move or otherwise inconvenience himself and his family in order to take the job at Hardware Resources. Accordingly, the Court grants Hardware Resources's Motion for Summary Judgment as it relates to Count Two of the Amended Complaint.

## V. CONCLUSION

There are no genuine material issues of fact as to whether Regenye was an at-will employee. Given the facts of this case—developed during discovery and presented to the Court in voluminous exhibits—Regenye is not entitled to relief on the basis of promissory estoppel and there is no evidence that he provided additional consideration to Hardware Resources sufficient to rebut the presumption of at-will employment. The Court accordingly grants Defendant's Motion for Summary Judgment. Judgment is entered in favor of defendant, Hardware Resources, and against plaintiff, Brian Regenye. The Alternative Motion to Dismiss is denied as moot. An appropriate order follows.